UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD J. GARCIA,  :
: Civil Action No. 09-1825 (SRC)
Petitioner,  :
:
v.  : **OPINION**
:
STATE OF NEW JERSEY,  :
:
Respondent.  :

**APPEARANCES:**

    EDWARD J. GARCIA, Petitioner pro se
    #217643
    LOC B5W
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, New Jersey 07032

**CHESLER**, District Judge

    This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Edward J. Garcia ("Garcia"), on or about April 13, 2009. Petitioner did not submit an application to proceed in forma pauperis, nor did he pay the requisite $5.00 filing fee. For the reasons stated below, however, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

I.   BACKGROUND

According to the allegations contained in the petition, Garcia is a state prisoner who was sentenced pursuant to a state court judgment of conviction entered in the Superior Court of New Jersey, Law Division, Hudson County, sometime in November 2007, on charges of third degree shoplifting. He claims he was resentenced on April 3, 2009.

Garcia filed a direct appeal from his sentence with the Superior Court of New Jersey, Appellate Division. His sentence was affirmed on March 3, 2009. Garcia then filed a petition for certification with the Supreme Court of New Jersey on or about March 24, 2009. The petition is still pending decision.

Garcia also claims he also filed a state habeas petition on or about April 3, 2009. The state proceeding has not reached disposition at this time.

Garcia now brings this habeas petition under 28 U.S.C. § 2254, challenging his state court sentence and resentence.

II.   ANALYSIS

A.   Pro Se Pleading

Garcia brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

B.  <u>Exhaustion Analysis</u>

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1] 28 U.S.C. § 2254(b)(1). <u>See also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims,

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in <u>Ex parte Royall</u>, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, <u>see</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d

Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Garcia has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence. Garcia admits that he has a pending petition for certification with the Supreme Court of New Jersey, as well as a pending state court post-conviction proceeding. Consequently, it would appear that Garcia's state court appeals are still pending.

As a matter of comity then, it is best left to the New Jersey courts to determine Garcia's unexhausted claims pending on direct appeal. There is simply no basis for this Court to interfere with the normal state court process of direct appellate review, especially where petitioner's has not demonstrated any serious or unlawful delay or impediment in the state court review process. Nor has petitioner alleged any federal constitutional deprivation in his state court appeal process that would support

federal court intervention in the pending state court procedures at issue. Therefore, based on the allegations represented by Garcia in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that such claims are still pending final state direct review. Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Garcia has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

_____
STANLEY R. CHESLER
United States District Judge

DATED: 4/27/09